WALTER C. HARDESTY, SR., as Administrator, v.
WELLINGTON FINANCE CORP., et al.

157 So. 423.
Division B.
Opinion Filed October 12, 1934.
Rehearing Denied November 20, 1934.

. *Walter C. Hardesty, Jr., J. A. Scarlett* and *Scarlett & Futch,* for Appellant;

*J. Elton McCardell* and *Newlin & McCardell,* for Appellees.

BUFORD, J.—Ormond Beach Bond, Mortgage & Guaranty Company filed its bill of complaint in the Circuit Court of Volusia County, Florida, to foreclose a chattel mortgage. Walter C. Hardesty, Sr., Walter C. Hardesty, Jr., Henry Hardesty, Homer Hardesty, a minor, Josephine Hardesty, a minor, sole heirs at law of Annie Hardesty, deceased, and the Riviera Club, a corporation, were named as defendants. The mortgage sought to be foreclosed was executed on the 29th day of April, 1931, by Annie Hardesty and her husband, Walter C. Hardesty, to secure payment of four promissory notes bearing the same date executed by the

same parties. The mortgage warranted the title to the property described therein to be in the mortgagors free from all encumbrances and covenanted to defend the same in the mortgagee, its successors, administrators and assigns, against the lawful claims of all persons whomsoever.

The bill of complaint alleged that the $4,000.00 was loaned to Annie Hardesty and that the property embraced in the mortgage was the separate property of the said Annie Hardesty and that her husband joined her in making the mortgage only for the purpose of making the mortgage legal and binding as a lien upon her separate property.

Guardian *ad litem* was appointed to defend the suit in behalf of the minors and an administrator *ad litem* was appointed to represent the estate of Annie Hardesty, deceased. Service was had on all defendants either by publication or otherwise.

After final decree had been entered and the property advertised for sale Walter C. Hardesty, Sr., applied for leave to intervene and to interpose defenses to the foreclosure of the mortgage in behalf of the estate as administrator C. T. A. of the estate of the said Annie Hardesty, deceased, and also filed a petition for restraining order to prevent the sale of the property under the decree. The petition was granted after notice and hearing.

The administrator C. T. A. then filed an answer to the bill of complaint. On hearing the answer was held insufficient and the intervenor was allowed time in which to file an amended answer to the bill of complaint. The amended answer was duly filed. After the answer was filed, complainant moved the court for a decree against the intervenor on the bill and answer upon the ground that the answer was insufficient in its allegations to show any defense to

the bill of complaint. On hearing, after notice, the Chancellor made the following order:

"After due notice, this cause was heard upon motion of complainant for a decree against Walter C. Hardesty, Sr., as Administrator, C. T. A., of the estate of Annie Hardesty, deceased, Intervenor, on the bill of complaint and said Intervenor's amended answer filed herein on June 5th, 1933, on the ground that said amended answer is insufficient as a defense and said amended answer being found insufficient as a defense and that the intervenor is not entitled to amend as to allegations therein contained except (a) those allegations pertaining to the alleged duress or compulsion exercised on the said Annie Hardesty in her execution and acknowledgment of the chattel mortgage involved in this cause and also except (b) those allegations pertaining to the possible right of said intervenor to require the personal property owned by defendant, The Riviera Club, a corporation, to be first sold and applied to complainant's indebtedness before resorting to the sale and application of the other personal property involved in this cause; which allegations just referred to in exceptions (a) and (b) the Court finds to be insufficient but amendable;

"It Is Hereby Decreed that said amended answer of said Intervenor is insufficient and said intervenor is not entitled to amend as to allegations therein contained except those allegations hereinbefore referred to in exceptions (a) and (b); and that said intervenor be allowed up to and including the 24th day of June, A. D. 1933, in which to further amend his said amended answer in respect to the allegations hereinbefore referred to in exceptions (a) and (b) but not otherwise."

The appeal is from this Order and brings nothing else here for review.

Paragraph 1 of the answer alleged that Annie Hardesty on the date of the execution of the mortgage was the wife of Walter C. Hardesty, Sr., and that she was the *bona fide* owner of a part only of the goods and chattels described in the bill of complaint. There was nothing in this paragraph which constituted a defense to the foreclosure.

Paragraph 2 denied that Annie Hardesty applied for a loan of $4000 or any sum and alleged that she executed the mortgage and signed the notes under duress and compulsion. This paragraph states no *facts* which constitute defense.

Paragraph 3 of the answer denied that the mortgage mentioned was signed for the purpose of securing any indebtedness of the said Annie Hardesty; denied that she was the owner of all the property described in the mortgage and bill of complaint, and denied that the mortgage was executed by her separate and apart from her husband, and alleged in general terms that the mortgage was executed under duress and compulsion. These allegations are insufficient to constitute a defense.

Paragraph 4 of the answer disclaimed knowledge of the allegations of paragraph 4 of the bill.

Paragraph 5 of the answer denied that the husband of Annie Hardesty signed the notes and mortgage for the purpose of making the same valid and effective in law and binding upon the property described in the mortgage; denied that the signature of the husband could make such instrument valid in law or a lien upon the separate property of said married woman and averred that the said Walter C. Hardesty signed the said note intending to pay the same and averred that the notes as to Annie Hardesty, the married woman, are void and of no effect. This paragraph not only constituted no defense but its allegations are sufficient to

show that the notes were the valid obligations of the husband who signed them with his wife.

Paragraph 6 admits that no administration had been taken upon the estate of Annie Hardesty at the time the bill was filed and avers that since that time her will has been probated and her husband, this Intervener, has been appointed sole Administrator C. T. A. These allegations constitute no defense to the foreclosure. The husband had been served with process and had had his day in court.

Paragraph 7 again denied that Annie Hardesty was the owner of all the property described in the bill and avers that she was the owner of only a part of it, but describes no part thereof. There was no defense contained in these allegations.

Paragraph 8 of the answer denied that the Riviera Club had custody of all the property at the time the bill was filed and avers that the Rio Vista Hotel & Improvement Company, a corporation, owned and had custody of certain electric fixtures and gas-steam radiators to the value of $3,000, installed in the building and which are a part of the realty, and averred that "The W. C. Hardesty Realty Company, an Ohio corporation, owned and had the custody of office furniture to the value of Twenty-five Hundred ($2500.00) Dollars, and that the Priority Mortgage Co., a Florida Corporation, had ownership and custody of office furniture to the value of One Thousand ($1000.00) Dollars, and that Walter C. Hardesty, Inc., had ownership and custody of furniture to the value of Four Thousand ($4000.00) Dollars," but described no property. If the allegations of this paragraph are true the owners mentioned and named in such paragraph have their remedy at law to protect their ownership of the property referred to.

Paragraph 9 avers that the intervener is without knowl-

edge of the covenants contained in the mortgage and avers that no covenant thereof was binding upon the said Annie Hardesty because of the fact that the said mortgage was executed and acknowledged by her under duress and compulsion with the knowledge of the complainant but it alleges no state of facts in support of such allegations.

Paragraph 10 denied knowledge of the allegations of paragraph 10 of the bill, as does also paragraph 11.

· Paragraph 12 in effect repeats the allegations of paragraph 8 and in addition thereto avers that the remainder of the personal property to the value of $23,000 was owned by Annie Hardesty and consisted of furniture and furnishings taken from her residence and avers that such personal property is described in such general terms in paragraph 3 of the bill of complaint that it is not possible to here list the portions thereof separately owned by Annie Hardesty or the corporation but offers to point out and segregate those portions of the property so owned by Annie Hardesty and by the corporation. These allegations are entirely insufficient to constitute a defense.

· Paragraph 13 of the answer alleges that at the time the notes and chattel mortgage were signed plaintiff knew that Annie Hardesty did not own all the personal property and that she only owned a part of it. It denied that Annie Hardesty applied for a loan and denied that she received the sum of $4,000, or any part thereof, and alleged that no part of the money was retained by her and no part thereof benefited her or her property in any respect, all of which was alleged to have been well known to the plaintiff. These allegations constitute no defense. This paragraph also alleges a great many other things in a general way which constitute no defense to the foreclosure of the mortgage and are not necessary to be set out here.

Paragraph 14 of the answer avers that the mortgage is only illegal and void as to Annie Hardesty because it was not executed and acknowledged separate and apart from her husband and that this fact was known to complainant. With this we shall deal later.

Paragraph 15 sets up irrelevant and immaterial matters which constitute no defense.

Paragraph 16 of the answer alleges that an agreement was reached between the parties without consideration whereby the complainant agreed to accept $100.00 per month on principal and to reduce the interest to 6%, but failed to carry out the agreement. This constituted no defense.

The record shows that during the pendency of the suit the complainant's corporate name was changed to Wellington Finance Corporation and that name was substituted for the original name of the corporation.

We think the only question presented which requires any discussion, if that does, is the question as to whether or not a chattel mortgage executed by the husband and wife must be acknowledged by the wife separate and apart from her husband. The case of Springfield Co. v. Ely, 44 Fla. 319, 32 Sou. 892, determines this question adversely to the contention of the appellant. Appellants cite section 5676 C. G. L., 1927, as the controlling law to sustain his contention. This section is applicable only to the conveyance of a married woman's interest in real estate. Section 3949 R. G. S., as amended by Chapter 12255, Acts of 1927, and now appearing as Section 5868 C. G. L., is as follows:

"The husband and wife shall join in all sales, transfers and conveyances of the property of the wife, other than personal property and choses in action."

Section 3947 R. G. S., 5866 C. G. L., provides as follows:

"All property, real and personal, of a wife, owned by her before marriage or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women."

So there has been no change in the statutes since the decision of this Court in the case of Springfield Co. v. Ely, *supra,* which would require the separate acknowledgment of a married woman to a conveyance of her separate personal property to make it binding. It is only required that she be joined therein by her husband. It is true that Section 3838, R. G. S., 5726 C. G. L., and Section 3839 R. G. S., 5727 C. G. L., require that a chattel mortgage to be valid and effectual against creditors and subsequent purchasers for value without notice shall be acknowledged and recorded and such acknowledgment must be in the manner provided for the acknowledgment of mortgages on real estate. But there is no question presented in this case involving creditors and subsequent purchasers and, therefore, those sections of the statute have no application in this case.

The Intervener declined to so amend his amended answer in the respects suggested by the Order of Court as to make the allegations thereof constitute a defense or with such degree of certainty and clarity as to present an issue of fact to be determined.

The Order appealed from became absolute on the expiration of the 24th day of June, 1933, subject only to reversal by this Court.

For the reasons stated, the Order appealed from should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.